Milton H. SANDERS, Appellee,

v.

Mary BRUNDAGE, Rowan Kloppe, John Buerke, Judy Jackson, Appellants.

No. 94–3271.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1995.

Decided July 20, 1995.

Christine A. Alsop, St. Louis, MO, argued (Jeremiah W. (Jay) Nixon as Atty. Gen., on the brief), for appellants.

Michael Douglas Bean, Maryland Heights, MO, argued, for appellee.

Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.

BEAM, Circuit Judge.

Milton H. Sanders, an inmate at the Missouri Eastern Correctional Center, filed an action under 42 U.S.C. § 1983 claiming that prison officials were deliberately indifferent to his serious medical needs. Sanders alleged that prison officials forced him to room with a smoker and forced him to sleep on a top bunk, in contravention of doctor's orders. The prison officials moved for summary judgment on the basis of qualified immunity.

The district court[1] denied the motion, finding that there were factual disputes concerning the issues of serious medical needs and deliberate indifference. The prison officials filed this appeal, which we dismiss.

## I. BACKGROUND

Viewing the pleadings and the evidence in the light most favorable to Sanders, the record reveals the following facts. In June 1992, Sanders was transferred to the Missouri Eastern Correctional Center. He immediately filed a medical services request informing the medical staff that he suffered from asthma and "musular [sic] sclerosis or lateral sclerosis."[2] In November 1992, the medical unit sent an interoffice communication, informing the housing unit that "Per Dr.'s order," Sanders was to have a bottom bunk. In December 1992, the medical unit sent a second interoffice communication, this time informing the housing unit that "Dr. Rhee" had ordered Sanders to have a non-smoking cellmate.

On February 10, 1993, Sanders told Rowan Kloppe, a corrections caseworker, that he had asthma and that his new cellmate was a heavy smoker. The smoker was moved out of the cell that same day, and the next day a nonsmoker was moved in.

On February 16, Sanders was told to move to a top bunk on the top walk.[3] He immediately complained to Kloppe, as well as to John Buerke and Judy Jackson, both corrections classification assistants. Sanders told Kloppe, Buerke, and Jackson that there was a medical directive in his file prohibiting such a move. They laughed at him and threatened to discipline him if he did not move to the new cell.

The next day, Sanders filed an "informal resolution request," directed to Mary Brundage, the functional housing unit manager. In the request, Sanders complained that he had been assigned to a bunk on the top walk even though he had back and leg problems, had previously been assigned to a bottom bunk "Per–Orders of MECC medical Physician 11/2/92," and had informed unit staff of the relevant interoffice communication. The day after he filed the request, Sanders was moved back to a bottom bunk on the lower walk. Brundage formally responded to the request, stating that she had moved Sanders to the top walk because he "had been complaining to staff about needing a non-smoking [sic] roommate" and that she had been unaware of his physical limitations when she assigned him to the top walk.

Although Sanders was moved back to a bottom bunk on the lower walk on February 18, his new cellmate was a heavy smoker. Sanders complained to Kloppe, Buerke, and Jackson that he was asthmatic. Sanders also asked to speak to Brundage, who refused to see him. On February 19, Sanders filed a second informal resolution request, complaining that he had been assigned to a cell with a smoker even though he had been diagnosed with asthma and had "serious existing medical symptoms." On February 26, Sanders obtained a copy of the interoffice communication which ordered him to be housed with a nonsmoker, and he showed it to Jackson.

On March 9, 1993, Sanders was moved to another cell, but his new cellmate was again a smoker. A nurse from the medical unit contacted Brundage the next day to discuss the medical directive, and Brundage promised to move the smoker out of Sanders's cell. This move was accomplished two days later.

In April 1993, Sanders filed a section 1983 complaint against Brundage, Kloppe, Buerke, and Jackson, alleging violations of his rights under the First, Fifth, Eighth, and Fourteenth Amendments. Sanders alleged injury due to being housed with a smoker and on the top walk. Sanders sought damages, a

---

**1.** The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

**2.** The medical records make repeated references to both multiple sclerosis and primary lateral sclerosis. Although it is unclear from which of these two illnesses Sanders suffers, the distinction has no bearing on our analysis. For the sake of simplicity, we refer to his illness as multiple sclerosis.

**3.** Apparently, the "top walk" is a second tier of cells. Inmates on the top walk must descend a set of stairs to reach the drinking fountain, restroom, and cafeteria.

declaratory judgment, and both preliminary and permanent injunctive relief.

The defendants filed an answer and a "Response to Plaintiff's Request for Injunctive and Declaratory Relief." The defendants also filed a motion for partial summary judgment, arguing that they were entitled to qualified immunity because Sanders had no clearly established right to a smoke-free environment. While the motion was pending, Sanders responded by alleging, among other things, that since the complaint had been filed, he had been forced to room with a smoker for an additional fifty days during August, September, and October 1993.

The district court found that the complaint alleged not a generalized right to a smoke-free environment but deliberate indifference to existing medical needs.[4] The court determined that there was a factual dispute regarding the defendants' deliberate indifference to Sanders's serious medical needs. The district court denied the defendants' motion for partial summary judgment and enjoined the defendants from assigning Sanders a smoking cellmate during the pendency of the lawsuit.

The defendants then filed a "supplemental" motion for summary judgment, again claiming qualified immunity. In support of the motion, defendants submitted the affidavit of Dr. Robert Hampton, who had reviewed the medical record and concluded that Sanders's asthma was neither acute nor severe and thus that Sanders had no serious medical need to be placed in a room with a nonsmoker. Dr. Hampton also concluded that if Sanders had been housed with a smoker during the dates alleged, Sanders was "in no way medically harmed or damaged." Sanders rebutted this affidavit by pointing to the interoffice communications. The district court determined that factual disputes existed as to both deliberate indifference and serious medical needs. Accord-

ingly, the court denied the supplemental motion for summary judgment. The defendants appeal.

## II. DISCUSSION

A district court's denial of summary judgment, ordinarily, is not a final appealable order. *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir.1995); *see* 28 U.S.C. § 1291. In a "qualified immunity" case, however, a district court's denial of summary judgment *may* constitute a final appealable order, depending on the issue appealed. *Johnson v. Jones*, —— U.S. ——, ——–——, 115 S.Ct. 2151, 2157, 132 L.Ed.2d 238 (1995). Qualified immunity protects a public official unless his actions violate clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). If the issue on appeal is whether a certain point of law was "clearly established," then the denial of summary judgment is immediately appealable. *Mitchell v. Forsyth*, 472 U.S. 511, 528–30, 105 S.Ct. 2806, 2816–17, 86 L.Ed.2d 411 (1985). However, if the issue on appeal is whether the pretrial evidence is sufficient to create a genuine issue of material fact, then the denial of summary judgment is not immediately appealable. *Johnson*, —— U.S. at ——, 115 S.Ct. at 2158–59.

The defendants first argue that the district court erred in denying summary judgment on Sanders's Eighth Amendment claim because Sanders's evidence is insufficient to create a genuine issue of material fact. Because the district court's ruling on "evidence sufficiency" is not appealable, we lack jurisdiction. *See id.*

The defendants next argue that the district court erred in denying summary judgment on Sanders's Fourteenth Amendment claim because Sanders has failed to establish a protected liberty interest. However, we find no indication in the record that

---

4. The district court distinguished Sanders's case from *Helling v. McKinney*, —— U.S. ——, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993), in which the Supreme Court held that a prisoner states a claim under the Eighth Amendment by alleging that prison officials have, with deliberate indifference, exposed the prisoner to levels of environmental tobacco smoke which pose an unrea-

sonable risk of serious damage to the prisoner's future health. *Id.* at ——, 113 S.Ct. at 2481. The district court did not decide, and we do not consider, whether Sanders has a viable *Helling* claim for the fifty days he was housed with a smoker during August, September, and October 1993.

the defendants presented this argument to the district court. We therefore decline to consider this argument. *See United States v. Dixon*, 51 F.3d 1376, 1383 (8th Cir.1995) (stating that this court generally will not decide issues which were not presented to and adjudicated by the district court).

## III. CONCLUSION

Because the Eighth Amendment issue is not appealable and the Fourteenth Amendment issue was not presented to the district court, we dismiss the appeal.