Jason **FINELLI**, a minor and incompetent person, by and through Theresa A. Finelli, his mother and guardian; Theresa A. Finelli, individually; Stanley Finelli, Plaintiffs–Appellees,

v.

James **TABB**, Deputy Sheriff; John Morales, Deputy Sheriff; Mark Whoolery, Corporal; Michael Toms, Deputy Sheriff; Mark Howard, Deputy Sheriff; James Simms, Deputy Sheriff; Steven Doppler, Deputy Sheriff; Mark Roccapriore, Deputy Sheriff, Defendants–Appellants,

and

James V. Aluisi, in his official capacity as Sheriff of Prince George's County; Susan Hoban, Deputy Sheriff; Edward King, Deputy Sheriff; The City of Hyattsville, Maryland, a public body corporate; Robert L. Perry, in his official capacity as Chief of Police of the City of Hyattsville Police Department; John Johnson, Police Officer; David J. Weir, Detective; Brian Waters, Detective; One Unnamed Officer, City of Hyattsville Police Department; Prince George's County, Maryland, a public body corporate;

State of Maryland; Lorraine M. Kincaid; Alton Johnston; Raymond Roby, Sergeant; Lorraine Lynn, Sergeant; Thomas Barcenas, Officer; Mark Roski, Officer; John Heidenberg, Officer; Martha Atherholt, Officer, Defendants.

No. 94–1921.

United States Court of Appeals, Fourth Circuit.

Argued June 5, 1995.

Decided Oct. 18, 1995.

**ARGUED:** Lawrence Paul Fletcher–Hill, Assistant Attorney General, Baltimore, MD, for Appellants. Karl George Feissner, Feissner & Slatkin, Burtonsville, MD, for Appellees. **ON BRIEF:** J. Joseph Curran, Jr., Attorney General of Maryland, Baltimore, MD, for Appellants. Judith Mauzaka, Feissner & Slatkin, Burtonsville, MD; Burton M. Weinstein, Weinstein, Weiner, Ignal, Vogel & Shapiro, P.C., Bridgeport, CT, for Appellees.

Before HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

Dismissed by published opinion. Senior Judge BUTZNER wrote the opinion, in which Judge HALL and Judge MURNAGHAN joined.

## OPINION

BUTZNER, Senior Circuit Judge:

Several Prince George's County, Maryland, deputy sheriffs, claiming qualified immunity, filed this interlocutory appeal to obtain reversal of the district court's denial of their motion for summary judgment. The complaint alleged that the deputies used excessive force in the seizure of a mentally retarded minor. The district court ruled that the right to be free from the use of excessive force is well established. Without going into detail, it found genuine issues of

material fact. It held that summary judgment should be denied, explaining that whether the force used by the deputies exceeded constitutionally permissible levels raised a factual issue that must be decided by the trier of fact—in this case, a jury.

The deputies assert that the force they used was not excessive and their actions were reasonable under all the facts and circumstances. We dismiss the appeal, because the issue the deputies raise is not immediately appealable.

## I

Police officers in Hyattsville, Maryland, received information that Peter Brighindi, Jr., was selling illegal drugs from a house occupied by him and his parents. The police obtained a search warrant for the house. With the assistance of deputy sheriffs from the Prince George's County Sheriff's Office, the officers executed the warrant. Before entering the house, all officers and deputy sheriffs were given a physical description of Brighindi and told where his bedroom was located.

At 2:00 a.m. the deputy sheriffs entered the house and began searching it. Two of them went to Brighindi's bedroom, where two family visitors, Jason and Michael Finelli, were sleeping. Jason, who was 15 years old, is severely retarded with an I.Q. of about 36. His brother Michael is also retarded.

The deputies ordered the brothers to get out of bed. When Jason failed to respond to this command, the deputies attempted to remove him from his bed and subdue him. A violent altercation ensued, involving several deputies and Jason. The deputies finally forced Jason to the floor and handcuffed him in the living room.

Jason was treated at the hospital for lacerations to his head and face, abrasions to his neck and chest, an injury to his eye, and a wound in his side from a taser dart.

## II

■ Government officials who perform discretionary functions, including law enforcement officers, are shielded from civil liability to the extent their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In *Graham v. Connor*, which involved officers' use of allegedly excessive force, the Court held that free citizens were entitled to the Fourth Amendment right "to be secure in their persons ... against unreasonable searches and seizures." 490 U.S. 386, 394, 109 S.Ct. 1865, 1870–71, 104 L.Ed.2d 443 (1989). The application of these principles is not an issue in this appeal.

■ Courts of appeals have jurisdiction over an interlocutory appeal from a denial of summary judgment on the basis of qualified immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985). This jurisdiction is limited, however. If the issue on appeal is whether the constitutional right that was allegedly violated was "clearly established," then the denial of summary judgment is immediately appealable. If, however, the issue on appeal is whether the record contains evidence sufficient to create a genuine issue of material fact for trial, then the denial of summary judgment is not immediately appealable. *Johnson v. Jones,* — U.S. ——, ——, 115 S.Ct. 2151, 2159, 132 L.Ed.2d 238 (1995).

In *Johnson,* the Court introduced its opinion with this summary:

> This case concerns government officials—entitled to assert a qualified immunity defense in a "constitutional tort" action—who seek an immediate appeal of a district court order denying their motions for summary judgment. The order in question resolved a *fact*-related dispute about the pretrial record, namely whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial. We hold that the defendants cannot immediately appeal this kind of fact-related district court determination.

— U.S. at ——, 115 S.Ct. at 2153.

■ The Court rested its decision on the final order requirement of 28 U.S.C. § 1291; the inapplicability of the collateral order exception to finality explained in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541,

69 S.Ct. 1221, 93 L.Ed. 1528 (1949); and the limitations on interlocutory appeals derived from *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Speaking of interlocutory appeals, the Court concluded its opinion with the following unequivocal statement: "[W]e hold that a defendant, entitled to invoke a qualified-immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." —— U.S. at ——, 115 S.Ct. at 2159.

The Court of Appeals for the Eighth Circuit applied *Johnson* in the context of a claim that prison officials were deliberately indifferent to an inmate's serious medical needs. *Sanders v. Brundage,* 60 F.3d 484, 486 (8th Cir.1995). The officials invoked qualified immunity and moved for summary judgment on the ground that the inmate's evidence was insufficient to show a genuine issue of material fact. The district court denied the motion, and the officials appealed. The appellate court, citing *Johnson,* dismissed the appeal, saying: "[I]f the issue on appeal is whether the pretrial evidence is sufficient to create a genuine issue of material fact, then the denial of summary judgment is not immediately appealable." 60 F.3d at 486.

 Here, however, the deputies insist that *Johnson.* is inapplicable because, as a matter of law, undisputed material facts objectively show that they acted reasonably without excessive force under the circumstances that confronted them.

The deputies' argument is predicated on the belief that appellate courts should comb the record to determine *de novo* whether the facts are undisputed and whether any genuine issues of material fact exist. But this exercise is what *Johnson* precludes. It is the course we followed in *Turner v. Dammon,* 848 F.2d 440, 444 (4th Cir.1988), which the Court rejected in *Johnson,* —— U.S. at ——, 115 S.Ct. at 2154. It is true, as the deputies argue, that the standard of objective reasonableness may be shown to be a matter of law justifying summary judgment on the ground of qualified immunity. The familiar precepts governing summary judgment still apply. The facts and circumstances pertaining to the test of reasonableness under the Fourth Amendment, as delineated in *Graham,* 490 U.S. at 396–97, 109 S.Ct. at 1871–72, and in a legion of other cases, survive. They continue to guide district courts and, after the entry of a final order, appellate courts as well.

As *Johnson* explains, the district court's denial of qualified immunity because of its conclusion that a genuine issue of material fact exists for trial is not immediately appealable.

*DISMISSED.*